## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DEAN M. VANBERGE (#515021)**      **CIVIL ACTION**

**VERSUS**

**19-814-SDD-SDJ**

**HUEY HALEY, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 15, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEAN M. VANBERGE (#515021)**                                                **CIVIL ACTION**

**VERSUS**

                                                  **19-814-SDD-SDJ**

**HUEY HALEY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendants Huey Haley, Donnell Jones, and Willard Spears (R. Doc. 15). The Motion is not opposed.

*Pro se* plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated due to the use of excessive force and deliberate indifference to his serious medical needs. Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, certified copies of ARP Date Input Sheets, and the affidavit of Cherryl Washington.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.

*Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In the Complaint as amended the plaintiff alleges that on February 9, 2019, and February 10, 2019, the defendants used excessive force against him and refused his requests for medical attention. The defendants assert that the plaintiff's claims are subject to dismissal because the plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e.  Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.  This provision is mandatory and applies broadly to "all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust

administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

A review of the record reveals that at the time the plaintiff filed his first grievance with regards to the claims presented herein on March 14, 2019, two previously filed grievances were pending: DCI-2018-226 and DCI-2018-277. If an offender submits multiple requests during the review of a previous request, they will be logged and set aside for handling at such time as the request currently in the system has been exhausted at the second step or until time limits to proceed from the first step to the second step have lapsed. *See* 22 La. Admin. Code, Part I, § 325(F)(3)(a)(ix). !

Grievance DCI-2018-226 was denied at the Second Step on July 11, 2019. Grievance DCI-2018-277 was accepted on July 16, 2019, and was denied at the First Step on August 19, 2019. As such Grievance DCI-2019-131, pertaining to the alleged use of excessive force by defendant Hailey, should have been accepted for processing five days later, and a First Step response should have been issued within 40 days. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a)(ii) and (b)(i). Expiration of response time limits entitle the offender to move on to the next step in the process. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c). As such, the

plaintiff was entitled to unilaterally proceed to the second step on or about October 3, 2019. In his Amended Complaint, the plaintiff asserts that he prematurely attempted to proceed to the Second Step on June 11, 2019, while his grievances remained backlogged. *See* R. Doc. 4. After June 11, 2019, the plaintiff made no further attempts to exhaust his administrative remedies. More specifically there is no evidence in the record that the plaintiff unilaterally proceeded to the Step for DCI-2019-131 in October of 2019 when he was entitled to do so by law. The record is also devoid of any action taken by plaintiff to exhaust his administrative remedies with regards to DCI-209-130, DCI-2019-358, or DCI-2019-359 when he was entitled to unilaterally proceed or at any time. As such, the plaintiff has failed to exhaust his administrative remedies prior to filing suit on or about November 22, 2019, as required by 42 U.S.C. § 1997e.

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion for summary judgment or to the documentary evidence produced in support thereof.  Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions that the plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.  Accordingly, based upon the plaintiff's failure in this case to oppose the defendants' motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on their own behalf, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

Finally, to the extent that the plaintiffs' allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiffs' state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, having recommended dismissal of the plaintiffs' federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiffs' potential state law claims.

## **RECOMMENDATION**

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 15) be granted and the plaintiffs' claims be dismissed, without prejudice, for failure to exhaust administrative remedies.  It is further recommended that the Court decline the exercise of

supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 15, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**